### No. 243.—R. W. & R. RICHARDSON *v.* SOLOMON W. DOWNS.

The father has the legal right to engage counsel to defend his minor son who owns property in his own right, and if the minor, after emancipation, ratifies the employment of counsel in his behalf while he was a minor, he is legally bound to pay the fees.

APPEAL from the Fourteenth Judicial District Court, parish of Ouachita. *Ray, J. R. W. & R. Richardson, in propria personæ,* plaintiffs and appellees. *Stubbs & Cobb,* for defendant and appellant.

LUDELING, C. J. The plaintiffs sue the defendant for $1500 for professional services rendered in five suits against the defendant.

The defense is that at the time the said suits were instituted, defendant was a minor under the control of his father, that the debts for which he was then sued were not due by him; and that the sum charged is excessive.

The evidence discloses the following facts: That the minor had a large property in his own right, inherited from S. W. Downs, deceased;

R. W. & R. Richardson v. Downs.

that his father and mother were both alive; that the father was insol-
vent; that the minor was sued in the various suits stated in plaintiffs'
petition; that plaintiffs defended the suits successfully, and that the
amounts claimed in said suits, in the aggregate, exceeded $20,000. It
further appears that after several efforts to bring the minor into court,
he was emancipated; that he himself, after his emancipation, paid the
plaintiffs their fee for having him emancipated; he was then personally
cited in the causes aforesaid, and was defended by the plaintiffs.

We think the father had authority to bind his minor son by engaging
counsel to defend the rights of property of the minor, under the
circumstances of this case, and we think that the facts in this case
show that the minor ratified the acts of his father in engaging the
services of the plaintiffs. The evidence shows that the fees for the
services rendered are reasonable, and the judge before whom the
services were rendered believed them fair, and so we think.

It is therefore ordered and adjudged that the judgment of the dis-
trict court be affirmed, with costs of appeal.

Rehearing refused.